# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN KOONTZ, IDOC # N57678,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 11-522-GPM |
| | ) |
| **BI INCORPORATED GPS TRACKING, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Kevin Koontz, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Big Muddy River Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which states, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to Koontz's pro se complaint and the documentation submitted by Koontz in support thereof, in 2007 Koontz was on mandatory supervised release (parole) from IDOC custody for the offense of aggravated criminal sexual abuse of a family member.[1] As a condition of Koontz's parole, Koontz, who was living and working in Alton, Illinois, at the time, was required to wear a global positioning system ("GPS") device manufactured and monitored by Defendant BI Incorporated GPS Tracking ("BI") for the purpose of tracking Koontz's whereabouts on parole. While on parole, Koontz was indicted for the offense of aggravated criminal sexual abuse of a family member in connection with an incident that occurred at 103 Mather Street in Alton on

---

1. The Court's account of the background of this case is supplemented by information about Koontz available on the IDOC's official website (http://www.idoc.state.il.us/), which information the Court can judicially notice. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet.") (collecting cases).

October 26, 2007. It appears that, at the time of the 2007 sexual abuse incident, the GPS device malfunctioned, so that there were no GPS records as to where Koontz was when the incident occurred. Koontz believes that GPS records would have shown that at the time of the 2007 sexual abuse incident he was at work at 226 E. Elm Street in Alton, approximately eight tenths of a mile from the Mather Street address where the sexual abuse incident occurred. Defendant Rocky Turner was Koontz's parole officer at the time of the 2007 sexual abuse incident, and testified in connection with the incident that there were no GPS records showing Koontz's whereabouts when the incident occurred; Koontz charges Turner with withholding evidence that would have exculpated him. Defendant Jennifer Tierney was a detective with the Alton police department who investigated the 2007 sexual abuse incident. Koontz charges Tierney with giving false testimony before a grand jury about the distance between the Mather Street address where the sexual abuse incident occurred and the Elm Street address where Koontz worked. Koontz was convicted in connection with the 2007 sexual abuse incident and sentenced to eight years' imprisonment. Koontz alleges violations of his due process rights in connection with his prosecution for the 2007 sexual abuse incident and demands damages.

As an initial matter, the Court notes that Koontz's claim against BI and Turner appears to sound basically in negligence, e.g., that through lack of due care by BI and Turner GPS evidence that would have exculpated Koontz as to the 2007 sexual abuse incident was lost. However, a "mere lack of due care by a state official" does not "'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Nonetheless, assuming that Koontz is alleging intentional misconduct by BI and Turner, his claim against BI, Turner, and Tierney is essentially one for malicious prosecution and thus not actionable pursuant to 42 U.S.C.

§ 1983. The Supreme Court of the United States has not "explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983[.]" *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007) (citing *Albright v. Oliver*, 510 U.S. 266, 270-71, 275 (1994)). In the Seventh Circuit, however, "the existence of a tort claim [for malicious prosecution] under state law knocks out any constitutional theory of malicious prosecution." *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001). *See also McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) ("[T]o the extent McCann maintains that Mangialardi denied him due process by causing him to suffer a deprivation of liberty from a prosecution and a contrived conviction . . . deliberately obtained from the use of false evidence, his claim is, in essence, one for malicious prosecution, rather than a due process violation.") (quotation and brackets omitted); *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) ("A plaintiff . . . may not state a § 1983 claim simply by alleging that he was maliciously prosecuted."). The reason the existence of a state-law tort of malicious prosecution defeats a due process claim for malicious prosecution is that "when a state-law remedy exists . . . due process of law is afforded by the opportunity to pursue a claim in state court[.]" *Newsome*, 256 F.3d at 751. *See also Parish v. City of Chicago*, 594 F.3d 551, 553-54 (7th Cir. 2009) (the existence of a malicious prosecution tort claim under state law precludes any federal constitutional theory of malicious prosecution under Section 1983); *Posey v. Pruger*, 762 F. Supp. 2d 1086, 1093 (N.D. Ill. 2011) (same). Because the common-law tort of malicious prosecution exists in Illinois, an Illinois litigant cannot pursue a constitutional tort of malicious prosecution under Section 1983. *See McCullah v. Gadert*, 344 F.3d 655, 658 (7th Cir. 2003); *Mutual Med. Plans, Inc. v. County of Peoria*, 309 F. Supp. 2d 1067, 1079 (C.D. Ill. 2004); *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996).

The cases do not hold, however, that a wrongfully-convicted plaintiff is always limited to state-law remedies when attacking an unconstitutional or otherwise illegal confinement. In certain circumstances, a plaintiff may bring constitutional claims under the language of the Constitution itself, such as a claim for a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), requiring a prosecutor or police to disclose exculpatory evidence to a criminal defendant. *See Ienco v. City of Chicago*, 286 F.3d 994, 998-99 (7th Cir. 2002) (citing *Newsome*, 256 F.3d at 751). However, accrual of a claim for a *Brady* violation is controlled by the principles announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Under *Heck v. Humphrey*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil-rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted). Under *Heck*, until a conviction or sentence has been invalidated, a claim for damages based upon the conviction or sentence simply "does not accrue[.]" *Id.* at 490. Here Koontz does not allege that his conviction in connection with the 2007 sexual abuse incident has been invalidated, although he does state that the conviction is on appeal, and therefore under *Heck* any constitutional claim he may have for non-disclosure of exculpatory evidence has not accrued.[2] Finally, with respect to Koontz's claim that Tierney testified falsely before a grand jury

---

2. It perhaps is worth noting that a claim for malicious prosecution under Illinois law also depends upon invalidation of a plaintiff's underlying conviction. *See National Cas. Co. v. McFatridge*, 604 F.3d 335, 344-45 (7th Cir. 2010) (citing *Cult Awareness Network v. Church of Scientology Int'l*, 685 N.E.2d 1347, 1351 (Ill. 1997)).

in connection with the 2007 incident, police, like other witnesses, have absolute immunity from liability under 42 U.S.C. § 1983 for testimony given in a criminal proceeding. *See Briscoe v. LaHue*, 460 U.S. 325, 332 (1983) (a police officer who gave perjured testimony at a plaintiff's criminal trial was absolutely immune from subsequent damages liability under Section 1983 "even if the witness knew the statements were false and made them with malice"). The United States Court of Appeals for the Seventh Circuit has extended absolute immunity to police witnesses testifying before a grand jury. *See Kincaid v. Eberle*, 712 F.2d 1023, 1023-24 (7th Cir. 1983) (police officers testifying before a grand jury have absolute immunity from Section 1983 liability for giving false testimony). The Court concludes that Koontz's complaint is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that Koontz has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983, and this action is **DISMISSED with prejudice**. Koontz is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: June 22, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge